# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., )<br>)<br>    Plaintiff,          )<br>)<br>v.                                          )     Case No. _____<br>)<br>MIMY TURA                         )<br>Serve at:  5157 Garden Grove   )<br>             Tarzana, CA 91358    )<br>)<br>and                                       )<br>)<br>MEHRAN SEDAGHAT           )<br>Serve at:  5157 Garden Grove   )<br>             Tarzana, CA 91358    )<br>)<br>    Defendants.       )  | |

## MEDICINE SHOPPE INTERNATIONAL, INC.'S
## COMPLAINT TO CONFIRM ARBITRATION AWARD

Plaintiff, Medicine Shoppe International, Inc. ("MSI"), pursuant to 9 U.S.C. § 9, files this complaint to confirm the Arbitration Award ("Award") rendered on June 14, 2010, against Mimy Tura ("Tura") and Mehran Sedaghat ("Sedaghat") in United States Arbitration & Mediation ("USA&M") Case No. 206638 ("Arbitration").

### The Parties

1. MSI is a corporation organized and existing under the laws of the State of Delaware. MSI's principal place of business is located at 7000 Cardinal Place, Dublin, Ohio 43017-1091.

2. Tura and Sedaghat are citizens of the State of California, residing at 5157 Garden Grove, Tarzana, California 91358.

23313476\V-2

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. This Court also has subject matter jurisdiction pursuant to 9 U.S.C. § 9 because the Award was issued in accordance with an arbitration agreement involving interstate commerce.

4. Pursuant to Mo. Rev. Stat. § 506.500, this Court has personal jurisdiction over Defendants. Until June 30, 2009, MSI's principal place of business was located in St. Louis, Missouri. Defendants' advertising fees were paid to Missouri. Furthermore, the License Agreement was partially performed in Missouri;[1] the majority of MSI franchise services (accounting, operational, relocation services, etc.) originated in Missouri. And pursuant to the terms of the parties' License Agreement and related agreements, Defendants reasonably expected that any and all disputes arising out of the parties' agreements would be governed by Missouri law.[2] In addition, the Arbitration was submitted to the St. Louis, Missouri location of USA&M and was before a St. Louis arbitrator.

5. This Court also has jurisdiction over the parties to this action pursuant to Paragraph 14(I) of the parties' License Agreement, which provides that, except for circumstances not relevant here, that the parties "agree that any action . . . to enforce an arbitrator's award shall be brought only in the Federal District Court for the Eastern District of Missouri, in St. Louis, Missouri."[3]

---

[1] *See, generally,* License Agreement, a copy of which is attached hereto as **Exhibit 1**.
[2] *Id.* at ¶ 14(H).
[3] *Id.* at ¶ 14(I).

23313476\V-2

6. Venue is proper in this district pursuant to 9 U.S.C. § 9, 28 U.S.C. § 1391(a), and Paragraph 14(I) of the License Agreement, and because a substantial part of the events giving rise to MSI's claims occurred within this District.

## Facts

7. On or about November 27, 2002, Defendants executed a license agreement (the "License Agreement"), in favor of MSI, whereby they agreed to operate a Medicine Shoppe® Pharmacy located at 7111 Reseda Boulevard, Reseda, California 91335 ("Pharmacy") for a term of 20 years.[4]

## The Arbitration Clause

8. The License Agreement contains an arbitration clause, mandating arbitration of

> all controversies, disputes, or claims arising between us [MSI] and/or our [MSI's] officers, directors, parents, affiliates, agents, employees or attorneys (in their representative capacity) and you [Tura and Sedaghat] and/or your shareholders, partners, officers, directors, or employees shall be submitted for arbitration to the St. Louis, Missouri office of United States Arbitration and Mediation....[5]

9. The arbitration clause is conspicuous in the License Agreement, the title thereof appearing in bold, capital and underlined letters.

## Costs and Attorneys' Fees

10. The License Agreement contains a "Costs and Attorneys' Fees" provision, which states that:

> [t]he party prevailing in a judicial or arbitration proceeding or appeal thereof shall be awarded its costs and expenses including, but not limited to, reasonable accounting, paralegal, expert witness and attorneys' fees and arbitrators' fees, whether incurred prior to, in preparation for, or in contemplation of the filing of any written

---

[4] *Id.* at ¶ 1(E).
[5] *See* License Agreement at ¶ 14(G).

- 3 -

demand, claim, action, hearing or proceeding to enforce the obligations of this Agreement.[6]

### The Arbitration

11. On December 17, 2008, MSI filed a Statement of Claim with the USA&M. Tura and Sedaghat were named as Respondents.

12. The Arbitrator was duly selected pursuant to USA&M rules.

13. On March 13, 2009, MSI requested under USA&M Rule 5(b) that its claim be decided by written submission.

14. Defendants did not file an objection to this request within the timeframe prescribed by USA&M rules.

15. On June 8, 2009, MSI filed a First Amended Statement of Claim.

16. On September 4, 2009, MSI filed a Second Amended Statement of Claim.

17. Tura and Sedaghat filed no counterclaims with USA&M.

18. On April 6, 2010, MSI filed Claimant's Motion for Award on Written Submissions, along with supporting documents thereto.

19. On or about May 10, 2010, Defendants filed an Opposition to MSI's Motion for an Award in Arbitration on Written Submissions, along with supporting documents thereto.

20. On May 17, 2010, MSI filed its Reply in Support of Claimant's Motion For Award on Written Submissions, along with supporting documents thereto.

### The Arbitration Award

21. On June 14, 2010, the Arbitrator rendered the Award in favor of MSI.[7]

22. The Award ordered Defendants, jointly and severally, to pay to MSI the sum of $185,054.41, which includes:

---

[6] *Id.* at ¶ 14(M).
[7] *See* Award, a copy of which is attached hereto as **Exhibit 2**.

- 4 -

- $180,901.51 for past due license fees and interest; and
- $4,152.90 for overdue Marketing Fund fees and interest.[8]

23. The Award further ordered Defendants, jointly and severally, to pay to MSI the sum of $103,944.73, representing MSI's attorneys' fees, costs and expenses.[9]

24. The Award also ordered that Defendants pay the costs of the arbitration.[10]

WHEREFORE, MSI prays that the Court enter an Order:

(a) confirming the Award and entering judgment pursuant to 9 U.S.C. § 9, as set forth in the Award, in the amount of $288,999.14, as well as any further costs of arbitration as set forth in the Award, and pre-judgment and post-judgment interest at the rate of 9% per annum;

(b) a Judgment requiring Defendants to pay MSI the costs associated with confirming the Award and collecting the resulting judgment, including MSI's reasonable attorneys' fees; and

(c) for such other and further relief as the Court deems appropriate.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: /s/ Sarah E. S. Carlson
Michael M. Godsy #66305
Sarah E. S. Carlson # 516939
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
(314) 241-1800 Telephone
(314) 259-5959 Facsimile

*Attorneys for Plaintiff Medicine Shoppe International, Inc.*

---

[8] *Id.*
[9] *Id.*
[10] *Id.*